TERRITORY, respondent, *v.* REED, appellant.

JURY — *Challenge to panel — How deficiencies are to be supplied — Jurors in United States cases, how drawn.*

It was no ground for challenge to the panel, in a territorial case, that jurors for trial of United States cases had been drawn from the box provided by the county commissioners, so long as a full panel was left at the commencement of the pending trial.

After having been furnished a full panel out of the box furnished by the county commissioners, for the pending trial, further deficiencies are required by law to be supplied by citizens of the vicinity, summoned by the sheriff under order of court.

It is right that jurors in United States cases should be drawn from the box furnished by the county commissioners.

It is of no interest to the prisoner to know, and he has no right to inquire, how many names remain in the box after his panel has been supplied, for such names could not be drawn in his trial in any issue.

*Appeal from Deer Lodge County, Second District.*

ATTORNEY-GENERAL, for respondent.

WADE, C. J.  This was a trial for murder, which resulted in a verdict against the defendant of guilty in the second degree.  The only question presented on this appeal arose upon the defendant's challenge to the panel of jurors, which challenge was in substance for the following reasons:  *First.* That when the case was called for trial there were but nineteen jurors in the panel, whereas the law required twenty-four, and that the panel was filled to the requisite number from the body of the county, and not from the one hundred names in the box, selected by the commissioners as provided by law; and *second*, that the box prepared by the commissioners was used in impaneling United States jurors to try United States causes until all the names were drawn therefrom except two, and that there were no names left therein at the time of the commencement of this trial, and that thereupon the court ordered the sheriff to select jurors to complete the panel from the body of the county.

In support of his challenge the defendant caused to be filed an affidavit of the deputy clerk of the court, which affidavit appears in the bill of exceptions and is as follows:

"Reuben L. Davis, being duly sworn, deposes and says that he is the deputy clerk of the district court in and for the county of Deer Lodge. That to his own knowledge, the box from which the jurors were to be selected for territorial purposes, and as furnished by the board of county commissioners of said county, was heretofore, in the trial of United States causes, opened and jurors selected therefrom for the purposes of the trial of United States causes before said court, and that by such means, and by *venires* issued by order of this court, the jurors selected by the county commissioners for the trial of territorial causes has been exhausted entirely, except the regular panel of twenty-four jurors. And the court has ordered a *venire* for jurors in this cause, which is a territorial case, said regular panel having been exhausted by the means aforesaid and in impaneling the jury in this cause. That jurors have been selected by the sheriff on the last *venire* issued by order of said court in this cause, solely by said sheriff, and a portion of said jurors are now in the present jury, and others the defendant by his counsel has challenged. That the box containing names of persons selected by the board of commissioners for the trial of causes has not, since the names therein were exhausted, nor since the issuing of the last *venire* by order of the court to the sheriff, been drawn from in the selection of jurors for the trial of this cause. That a special *venire* was issued and juries selected by the sheriff from the body of the citizens of the county, by order of the court, whose names were not in the box drawn and selected by the commissioners, and who were not in the panel selected by the commissioners, said box having been exhausted prior to that time by drawing names therefrom in the selection of jurors to serve at

this term, a part of said jurors having been drawn to serve in the United States district court, and others selected and summoned to serve in this court to fill the panel of said jurors. That under *venire* No. 1, issued for thirty trial jurors, to attend this court at this term, twenty-nine persons were served. That some persons so summoned were excused for cause. That, on November 30, 1881, *venire* No. 2 was issued by order of the court, and five trial jurors, whose names were drawn from the box furnished by the county commissioners. That four of said persons were summoned and appeared, the other not being found, and three jurors were excused for cause. That on December 1, by order of the court, fifteen names were drawn from the box furnished by the commissioners for jurors to serve in the trial of United States causes, and that, on December 2, forty-eight names were drawn by order of the court from the box furnished by the commissioners for jurors to serve in the trial of United States causes. That on December 3, two names were drawn by order of the court from said box furnished by the commissioners, and *venire* issued for the persons so named to appear and serve as jurors to fill the panel of jurors in this court. That the names drawn for jurors to serve as jurors in the United States causes were not returned to the box, and no names remained in the box furnished by the commissioners after the two names mentioned in said last *venire* were drawn, and that at the commencement of the trial of this cause the panel of twenty-four jurors was full, leaving no other names in the jury box furnished by the county commissioners.

(Signed)                    " R. L. DAVIS."

From all which it appears: first, that when this cause was called for trial, the regular panel of twenty-four jurors was not full; second, that thereupon *venires* were issued for persons to fill the panel whose names were drawn from the box furnished by the county commissioners, as provided by law; third, that when the trial

commenced the panel of twenty-four jurors was full, and that the names of the jurors filling the panel were properly drawn from the box; and fourth, that in so filling the panel, and in drawing names of jurors to serve in causes arising under the constitution and laws of the United States, the names in the box had become exhausted.

These facts do not support the challenge. On the contrary, they show that the jury was properly constituted. It was entirely competent for the court to order that jurors, for the trial of causes arising under the constitution and laws of the United States, be drawn from the box of names selected by the county commissioners for the trial of territorial causes. See Act of Congress of June 30, 1879, Sup. R. S. U. S. vol 1, 498. The rights of the defendant were not thereby affected so long as sufficient names remained in the box to fill the territorial panel with competent jurors. It was a matter of no importance to him, and he had no right to inquire as to the names in the box, providing the panel was full. In such a case, by no possible process, could the names remaining in the box have found a place on his jury. It was his undoubted right to have a full panel of twenty-four jurors drawn from the box provided by the commissioners, from which to select a trial jury. *Kennon* v. *Gilmer et al.* 4 Mont. 433. This right was fully secured to him as shown by the record and bill of exceptions.

The deficiency in the panel when the cause was called for trial was filled by jurors whose names were drawn from the box, and the defendant and the territory had a full panel from which to select the jury. The statute provides that when, by reason of challenges or other cause, the regular panel becomes exhausted, the court may direct the sheriff to summon from the citizens of the body of the county, and not from the bystanders, so many qualified persons as may be necessary to complete the jury for the pending trial. R. S. 1879, sec. 246, p.

84.    So that as the names remaining in the box could in no event have been used to fill up the jury after the regular panel had become exhausted, the complaint of the defendant, that names had been drawn from the box to serve as United States jurors, was without foundation.

The judgment is affirmed, with costs.

*Judgment affirmed.*